UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                         **Date:**  June 3, 2026

**Title:**      *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

=====================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

|            Christianna Howard            |            N/A            |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings:**    **(In Chambers) Order Granting Petition (ECF 1)**

Petitioners Claudia Lucia Vargas Ordonez and Vidal Javier Espinoza Munguia filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 26, 2026. (ECF 1.) For the reasons stated below, the Petition is **granted**.

## I.      Factual Background

Petitioners are noncitizens who are currently detained at the Adelanto Detention Facility, within the Central District of California. (ECF 1 ("Pet.") ¶¶ 1, 5.) They are a married couple who entered the United States in February 2024 at El Paso, Texas and were detained by the Department of Homeland Security and placed in removal proceedings. (Pet. ¶¶ 1-2, 14.) The Petition alleges that Petitioners were released on Orders of Release on Recognizance ("OREC"), which only imposed the condition that Petitioners appear at scheduled immigration court proceedings. (Pet. ¶¶ 14-15.) Since their release, Petitioners have attended every scheduled immigration court appearance, have prepared their consolidated asylum case (which was scheduled for a hearing on May 7, 2026), and obtained work authorization and continuous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                    **Date:**  June 3, 2026

**Title:**       *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

================================================================

lawful employment. (Pet. ¶¶ 3, 16-17; *see also* ECF 1-1 (Declaration of Emily L. Robinson ("Robinson Decl.")) Ex. B.)

On April 25, 2026, ICE officers approached Petitioners' vehicle. Petitioners provided identification, complied with the officers' requests, and informed them that they were in removal proceedings. (Pet. ¶¶ 4, 18.) Petitioners were detained by ICE and transferred to the Adelanto Detention Center. (Pet. ¶¶ 4-5, 19-20.) Petitioners allege that they received no prior notice of the revocation of their supervised release and that there was no reasoned revocation decision or showing of changed circumstances prior to their detention. (Pet. ¶¶ 4, 7.)

## II.    Analysis

Petitioners argue that their detention violates due process and asks for release. (Pet. ¶¶ 61-70 and at 25.) Respondents "are not presenting an opposition argument at this time." (ECF 11 at 2.) Respondents' non-opposition itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).[1]

Beyond that, Petitioners' claim is meritorious. "Freedom from imprisonment—from government custody, detention, or other forms of physical

---

[1] Given Respondents' non-opposition and in the interest of providing timely relief, the Court declines to hold this Order pending Petitioners' Reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                    **Date:**  June 3, 2026

**Title:**        *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

=====================================================================

restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The protection afforded by the Due Process Clause runs to citizens and noncitizens alike. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)) (cleaned up) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Evaluating the contours of Petitioners' due process rights proceeds in two steps: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

     1.    *Protected liberty interest*

On the first point, the Court finds that Petitioners have a protected liberty interest in remaining at liberty in the community absent sufficient justification for their re-detention.

Conditional release from physical restraint may give rise to a protected liberty interest. *Young v. Harper*, 520 U.S. 143, 147-49 (1997). Once an individual is granted conditional release, therefore, she may have a protected liberty interest in remaining in the community—and an attendant right to procedural protections before that liberty is revoked. *See id.* (due process requires pre-deprivation hearing before revocation of pre-parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context). In deciding whether a specific form of conditional release gives rise to a protected liberty interest, courts compare the form of conditional release at issue with the parolee's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                **Date:**  June 3, 2026

**Title:**      *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

======================================================================

liberty interest as described in *Morrissey v. Brewer*, a seminal case in this area. *See González-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In *Morrissey*, the Supreme Court explained that parole enables a parolee "to do a wide range of things" available to individuals who have never been convicted of any crime—to live at home, work, be with his friends and family, and "form the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," including monitoring and requiring authorization to work and travel, the parolee's "condition is very different from that of confinement in a prison." *Id.* Moreover, a parolee "relie[s] on at least an implicit promise that parole will be revoked only if she fails to live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty. *Id.* at 481-84.

Petitioners were granted release on their own recognizance pending completion of their removal proceedings. Their release was an implicit promise that they would be able to stay in the community for the duration of their administrative proceedings so long as they complied with the conditions of their release. Their conditional release permitted them to live in the community and permitted them to work, which they have done since their release. (Pet. ¶¶ 3-17.) The Court thus easily concludes—as have many courts in this Circuit—that once Petitioners were released on bond, they gained a protected liberty interest in remaining out of custody. *E.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody"); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                    **Date:**  June 3, 2026

**Title:**      *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

========================================================================

1136 (W.D. Wash. 2025) (finding that "the government's decision to release an individual [from immigration custody] creates an implicit promise that the individual's liberty will be revoked only if they fail to abide by the conditions of their release") (cleaned up); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").

> 2.      *Process owed in connection with re-detention*

Given that Petitioners have a protected liberty interest in their conditional release, the question is what process they are owed before the government would take that liberty interest away. Petitioners claim that due process required process *before* they were taken into custody. (Pet. ¶ 68.) They thus argue that the appropriate habeas remedy is for them to be released back to the community. (Pet. at 25.) The Court agrees.

To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming, without deciding, that *Mathews v. Eldridge* applies in immigration detention context, and collecting authority applying *Mathews* to immigration detention). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                    **Date:**  June 3, 2026

**Title:**      *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

================================================================

administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. Each of the three *Mathews* factors supports Petitioners' constitutional right to process *before* they was re-detained.

As to the first factor, and as set out in the prior section, the liberty interest at stake here is significant. Petitioners have a substantial interest in remaining in their home, living with their family, working, and maintaining their relationships in the community. *See Ortega*, 415 F. Supp. 3d at 970 (holding that petitioner had a substantial liberty interest where he had been released from custody for 18 months and was living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community).

Turning to the second *Mathews* factor, there is a significant risk that the government will erroneously deprive Petitioners of that liberty interest if it does not provide them with pre-deprivation process. The crux of due process "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)) And where a petitioner has not received any custody hearing or other process in connection with the revocation of her parole, "the risk of an erroneous deprivation [of liberty] is high." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (cleaned up).

Indeed, Respondents have not identified any process in place to ensure that individuals in Petitioners' position are not detained improperly. Civil immigration detention is constitutionally permissible only to prevent flight or protect against danger to the community. *See Zadvydas*, 533 U.S. at 690. Evaluation of the appropriateness of detention under § 1226(a) is keyed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                    **Date:**  June 3, 2026

**Title:**       *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

====================================================================

those same two factors. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). It was those factors that were necessarily found when Petitioners were initially released. (Pet. ¶¶ 1, 14); *see Noori v. LaRose*, 807 F. Supp. 3d 1146, 1167 (S.D. Cal. 2025) ("In general, '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'"); *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted) (a petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk"). And once they were released, they had a liberty interest "in remaining at liberty unless [they] no longer meet[] those criteria." *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *13 (E.D. Cal. Sept. 5, 2025) (cleaned up). Respondents have not shown that anyone, let alone a neutral decisionmaker, has considered whether there is any changed circumstance that warrants Petitioner's re-detention, or that there was any process in place to make such a finding.

Finally, Respondents have not articulated any countervailing government interest—the third and final *Mathews* factor—that supports providing this process only after Petitioners' parole was revoked. Due process "usually" requires a hearing *before* the State deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Exceptions to that general rule are appropriate where quick action is necessary or where it is impractical to impossible to provide pre-deprivation process. *Id.* at 128. But neither of those exceptions appears to apply here. Respondents do not argue that quick action was necessary here. On these facts, any possible claims of urgency are substantially undermined.

In short, "[i]f the government wishes to re-arrest [Petitioners] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing [or other procedure] is low." *Ortega*, 415 F. Supp. 3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                    **Date:**  June 3, 2026

**Title:**         *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

======================================================================

970; *see also Morrissey*, 408 U.S. at 483 (noting that "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial[,] . . . [y]et, the State has no interest in revoking parole without some informal procedural guarantees"). Because each of the *Mathews* factors favors Petitioners' bid for pre-deprivation process, the Court finds that Petitioners' detention—which was accompanied by *no* process—violates the Due Process Clause.

### III.    Appropriate Remedy

As has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioners placed in the position they would have been absent the due process violation—that is, they should be released from custody on the conditions that were initially imposed. *E.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (granting such relief); *Jasbin v. Warden*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *4 (S.D. Cal. Feb. 9, 2026) (ordering release due to due process violation despite government's argument that petitioner was only entitled to bond hearing as Maldonado Bautista class member); *Prior v. Chestnut*, No. 1:25-CV-01131-JLT-EPG-HC, 2026 WL 309560, at *9 (E.D. Cal. Feb. 5, 2026) (recommending immediate release as appropriate remedy for due process violation).

### IV.    Conclusion

Accordingly, the Second Cause of Act in the Petition (ECF 1 at 19-22) is **granted**. Petitioners Claudia Lucia Vargas Ordonez (A# 245-792-486) and Vidal Javier Espinoza Munguia (A# 245-792-424) shall be **immediately released** on the conditions of supervision previously imposed. Respondents should return to Petitioners any identification documents in Respondents' possession. Petitioners' counsel shall file a status report confirming compliance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02851-BFM                          **Date:**  June 3, 2026

**Title:**        *Claudia Lucia Vargas Ordonez et al. v. Markwayne Mullin et al.*

=====================================================================

with the Court's order concerning release within three days of their release from custody; if release is delayed for any reason, Petitioners shall promptly notify the Court.

In light of Respondents non-opposition to the relief sought in the Petition, the Court further enjoins Respondents, their officers, agents, servants, employees, and attorneys, and other people who are in active concert or participation with Respondents from re-detaining Petitioners without notice of the reasons for why they intend to re-detain them and without a pre-deprivation hearing before a neutral decisionmaker, unless special circumstances exist that justify immediate re-detention and a post-deprivation hearing.

Petitioners have not shown that they would be entitled to greater or different relief on the remaining claims in the Petition; the Court therefore denies those claims as moot based on the relief granted on Petitioners' procedural due process claim.

Upon receipt of confirmation that Petitioners have been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:      ch